# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CR-286 HEA |
| | ) | |
| EARL BANKS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Earl Banks's Motion to Revoke Order of Detention. (ECF No. 175). The Government filed a response opposing the motion. (ECF No. 177). Defendant did not file a reply, and the time to do so has expired. Defendant's motion is ripe for disposition. The Court has conducted *de novo* review of the record and finds further hearing is not required on the issue of detention. The Court will deny Defendant's motion.

### *Background*

Defendant is charged in the United States District Court for the Eastern District of Missouri with violating §§ 841 and 846 of the Controlled Substances Act. *See* 21 U.S.C. §§ 846 (conspiracy) and 841(a)(1) (prohibiting the possession and distribution of controlled substances). A grand jury indicted Defendant and eight others for knowingly and intentionally conspiring to possess with the intent to

distribute and distribute five kilograms of cocaine. Under these sections, violations involving five kilograms of cocaine require a minimum prison sentence of 10 years and a maximum sentence of life. 21 U.S.C. § 841(b)(1)(A)(ii)(II).

Defendant was arrested on July 9, 2025, in Michigan and was presented for his Rule 5(c)(3) initial appearance in the United States District Court for the Eastern District of Michigan. On July 15, 2025, a detention hearing was held before U.S. Magistrate Judge Kimberly G. Altman. At the detention hearing, the Government moved for detention based on the presumption of detention, the weight of the evidence, danger to the community, and flight risk. The Court heard Defendant's arguments as to why detention was not necessary. A Bail Report was issued by the Pretrial Services Office for the Eastern District of Michigan on the same date ("Michigan Bail Report"). The Michigan Bail Report recommends that there are no conditions that could assure Defendant's appearance in court or the safety of the community.

Judge Altman considered the relevant factors and concluded Defendant should be detained pending trial. She found that the Government had shown the following: (1) by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community; and (2) by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's

appearance as required. The basis for detention included that Defendant would be subject to a lengthy period of incarceration if convicted; his prior criminal history; his history of violence or use of weapons; prior violations of probation, parole, or supervised release; prior failure to appear in court as ordered; and participation in criminal activity while on probation, parole, or supervision. Judge Altman also found that the weight of the evidence against Defendant is strong.

On August 4, 2025, a Bail Report was issued by the Pretrial Services Office for the Eastern District of Missouri ("Missouri Bail Report"). The Missouri Bail Report recommends that there are no conditions that could assure Defendant's appearance in court or the safety of the community.

### *Legal Standard*

The Court reviews the detention order *de novo*, without deference to the Magistrate Judge's findings. *See United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990); *see generally United States v. Maull*, 773 F.2d 1479, 1481-82 (8th Cir. 1995) (en banc) (*de novo* review of order setting bond appropriate). The Court is "required to analyze the conditions of release to determine whether any would give reasonable assurance of appearance." *Id.* at 1485.

A defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j). A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will

3

*reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (citing *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985)); *see* 18 U.S.C. § 3142(c), (e)-(f). "[E]ither danger to the community or risk of flight is sufficient to authorize detention." *United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991) (quoting *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986)).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial, the Court must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

"Reviewing without deference does not require the district court to start over in every case and proceed as if the magistrate's decision and findings do not exist." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023) (cleaned up) (quoted case omitted). "If the district court agrees fully with the magistrate's order and reasons, it may adopt the order." *Id.* (citing cases).

In this case, probable cause exists that Defendant committed an offense under the Controlled Substance Act, and a rebuttable presumption arises against Defendant's release. *See* 18 U.S.C. § 3142(e)(3)(A); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Ward*, 63. F. Supp. 2d 1203, 1209 (C.D. Cal. 1999).  In order to rebut the presumption, Defendant must produce evidence that he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 ("'In a presumption case such as this, a defendant bears a limited burden of production-not a burden of persuasion ....'") (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If Defendant meets his burden of production, "'the presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the district court.'" *Id.*

5

## *Discussion*

The Court has reviewed the entire record, including the Government's motion for detention, the Michigan Bail Report, the Missouri Bail Report, the Order of Detention, a recording of the detention hearing in Michigan, and the parties' briefing on the instant motion. Having done so, the Court agrees with Judge Altman that Defendant should be detained pending trial.

The Court finds that the serious nature of the offenses charged weighs heavily in favor of detention.  Defendant is charged with offenses involving the distribution of significant quantities of cocaine. Violations of 21 U.S.C. § 841(b)(1)(A) require a minimum 10-year prison sentence, which is a long term of imprisonment and provides an incentive to flee prior to trial. Defendant's history and characteristics also weigh in favor of pretrial detention. Although he has significant ties to the Eastern District of Michigan, he had no ties to this District.  Defendant has a criminal record that includes multiple felony convictions, and he has had five outstanding warrants for failure to appear.  The Court also agrees with Judge Altman that house arrest will not prevent Defendant from trafficking in narcotics, which he has been arrested for multiple times while on other Court-ordered supervision.  In sum, the relevant factors show that Defendant presents a risk of non-appearance, and that he presents a danger to the community.

6

*Conclusion*

Based on *de novo* review of the entire record, the Court finds the circumstances warrant detention as the Government has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community, and it has shown by a preponderance of the evidence that no condition or set of conditions will reasonably assure Defendant's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Earl Banks's Motion to Revoke Order of Detention and Request for Hearing is **DENIED**. [ECF No. 175]

Dated this 4th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE